UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALFONSO ALVAREZ,

        Petitioner,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

        Respondents.

_____/

Case No. 1:26-cv-618

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.**    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12.)

---

[1] The Court grants Petitioner's counsel permission to practice in this specific case on a temporary basis pending full admission. *See* W.D. Mich. LGenR 2.2.

Petitioner filed the petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida. (Pet., ECF No. 1.) In an order entered on February 6, 2026, the District Court for the Southern District of Florida directed Respondents to show cause, no later than February 11, 2026, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) The Court allowed Petitioner to file a reply no later than February 13, 2026. (*Id.*, PageID.26.) Respondents filed their response on February 11, 2026. (ECF No. 4.) Petitioner did not file a reply. The District Court for the Southern District of Florida found that it lacked jurisdiction because Petitioner had been transferred from the South Florida Detention Center (Alligator Alcatraz) to the North Lake Processing Center in Baldwin, Michigan before he filed the petition. (Order, ECF No. 6.) The case was thereafter transferred to this Court. (*Id.*)

## II.     Factual Background

Petitioner is a native of Venezuela and a citizen of Colombia (Resp., ECF No. 4, PageID.28; Notice to Appear (NTA), ECF No. 4-4, PageID.41.) Petitioner entered the United States on September 26, 2023, at an unknown location without inspection. (Resp., ECF No. 4, PageID.28; NTA, ECF No. 4-4, PageID.41.) Department of Homeland Security (DHS) agents encountered and arrested Petitioner in El Paso, Texas, and determined he was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant "lacking valid entry documents at the time of his application for admission, and placed him in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)." (Resp., ECF No. 4, PageID.28–29; 2023 Form I-860, ECF No. 4-3, PageID.39.) On January 11, 2024, after a "positive credible fear determination," DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired

2

[immigration or travel document,]" and is "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Resp., ECF No. 4, PageID.29; NTA, ECF No. 4-4, PageID.41.) Thereafter, expedited removal was terminated, Petitioner was placed into regular removal proceedings pursuant to § 1229a, and was released into the United States on parole for a period of one year.[2] (Resp., ECF No. 4, PageID.29; 2025 Form I-213, ECF No. 4-6, PageID.48; Interim Notice Authorizing Parole, ECF No. 4-5, PageID.44.)

On December 27, 2025, ICE arrested and detained Petitioner near Pompano Beach, Florida, following a traffic stop. (Resp., ECF No. 4, PageID.29; 2025 Form I-213, ECF No. 4-6, PageID.47.) While detained at the South Florida Detention Center, Petitioner had a bond hearing in the Miami Krome Immigration Court. (Pet., ECF No. 1, PageID.8.) On January 23, 2026, the immigration judge (IJ) denied bond because it found it lacked jurisdiction. (Order of the IJ, ECF No. 1, PageID.14.) Petitioner has a pending Application for Asylum and Withholding of Removal. (Pet., ECF No. 1, PageID.8.) Petitioner has a master hearing scheduled for July 26, 2028. (2025 Form I-213, ECF 4-6, PageID.47.)

**III.    Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

---

[2] Petitioner does not contend that he remained paroled at the time he was arrested on December 27, 2025.

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.     Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b). Respondents, however, contend that Petitioner is detained under § 1225(b)(1) because upon the expiration of his parole "he was returned to the custody from which he was paroled." (Resp., ECF No. 4, PageID.32.) Essentially, Respondents claim that Petitioner continues to be an "arriving alien."

For the reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 because he is still an "arriving alien." The Court concludes that § 1226(a), not § 1225(b)(1) or (b)(2), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[3]

---

[3] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

## V. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security, the United States Department of Immigration and Customs Enforcement (ICE), and the Warden of the South Florida Detention Center as Respondents.

Dated: March 9, 2026                          /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.